UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THERESA NICOLE CARNEY                                                            PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 3:13CV617-HSO-RHW

BRANDON POLICE DEPARTMENT et al                                              DEFENDANTS

### ORDER DENYING MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

Before the Court is Plaintiff Teresa Nicole Carney's [34] Motion to Quash the Subpoena of David Carney and for Protective Order against the Deposition of David Carney.  David and Teresa Nicole Carney, who are married, originally filed this lawsuit as co-plaintiffs pursuant to 42 U.S.C. §§ 1983, 1985 & 1988.  Doc. [1].  Pursuant to an amended complaint, David Carney later withdrew from the lawsuit.  Doc. [20].  Teresa Carney remains as the sole plaintiff.  The lawsuit arose out of a verbal altercation between David Carney and other individuals that occurred on the grounds of Brandon High School.  *See id.*  Teresa Carney alleges that the day following the verbal altercation she was subjected to an unconstitutional traffic stop and false imprisonment at the Brandon High School campus.  *Id.*  Defendants scheduled the deposition of David Carney for May 21, 2014.  Doc. [32].  Teresa Carney objects to the deposition of her husband and asserts as the basis (1) the adverse spousal testimonial privilege and (2) embarrassment and undue burden.

**Spousal Privilege**

Because the instant lawsuit is brought pursuant to federal statutes, federal common law governs any claim of privilege.  *See* Fed. R. Evid. 501; *Hawkins v. Stables*, 148 F.3d 379, 382

(4th Cir. 1998). Federal common law recognizes two distinct forms of marital privilege (1) the adverse spousal testimonial privilege and (2) the confidential marital communications privilege. *United States v. Entrekin*, 624 F.2d 597, 598 (5th Cir. 1980); *United States v. Premises Known as 281 Syosset Woodbury Road, Woodbury, N.Y.*, 71 F.3d 1067, 1070 (2d Cir. 1995). The adverse spousal testimonial privilege ordinarily applies only in criminal proceedings. *See United States v. Yerardi*, 192 F.3d 14, 19 (1st Cir. 1999)("[t]he privilege is almost always invoked only in criminal proceedings in which one spouse is called to testify against the other, and understandably so since criminal jeopardy is the threat with which the privilege is concerned"); *In re Martenson*, 779 F.2d 461, 463 n.6 (8th Cir. 1985)(questioning the applicability of the adverse spousal privilege in the civil context); *United States v. Van Drunen*, 501 F.2d 1393, 1397 (7th Cir. 1974)(limiting the privilege to those cases "where a spouse who is neither a victim nor a participant observes evidence of the other spouse's crime"); *Jimenez v. Amgen Mfg. Ltd.*, 692 F.Supp.2d 219, 221 (D.P.R. 2010)("the privilege against adverse spousal testimony, is only applicable in criminal actions"). However, the question of its applicability in the context of civil litigation remains unresolved. *See In re Martenson*, 779 F.2d at 563; *Ryan v. Comm'r of Internal Revenue*, 568 F.2d 531, 542-44 (7th Cir. 1977); 2 Christopher B. Mueller & Laird C. Kirkpatrick Federal Evidence § 5:39 (4th ed. 2014)("[w]hile the clear weight of authority confines the spousal testimonial privilege to criminal cases, it's logic suggests that it should apply in civil litigation as well").

In this case, Plaintiff offers no explanation as to why the privilege regarding adverse spousal testimony should extend to this particular context. Plaintiff simply asserts a blanket privilege to prohibit the testimony of David Carney because Defendants might use his testimony

adversely against her. Plaintiff does not cite to any authority suggesting such a broad application of the privilege. To the contrary, the authorities cited above suggest that the application of the privilege is quite narrow within the context of civil litigation. Accordingly, the Court concludes that the adverse spousal testimonial privilege is not a valid basis for prohibiting David Carney's deposition.

The confidential marital communications privilege excludes confidential communications made by one spouse to the other during the marriage. *Secs. & Exch. Comm'n v. Lavin*, 111 F.3d 921, 925 (D.C. Cir. 1997); *United States v. Parker*, 986 F.2d 1014, 1018 (6th Cir. 1993). This privilege clearly is available in the context of civil litigation. *See e.g. Lavin* 111 F.3d at 925. In her motion, however, Plaintiff asserts that her objection is not based on the confidential marital communications privilege. Doc. [34] at 2. Accordingly, the Court finds that the privilege does not provide a basis for quashing the subpoena or issuing a protective order in this case. The Court makes no finding at this time as to whether any part of David Carney's testimony is protected by the confidential marital communications privilege.

### **Embarrassment and Undue Burden**

Plaintiff also argues that the deposition is inappropriate because it would cause embarrassment and undue burden. Rule 26(c) provides that the Court may for good cause issue a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Plaintiff contends that the underlying factual details of the lawsuit are embarrassing to David Carney, and that "any attempt to admit them at trial would lead primarily to embarrassment for Mrs. Carney." Doc. [34] at 3. Plaintiff also suggests that David Carney's work as an ER physician would complicate scheduling the deposition and therefore result in an

undue burden.  *Id.*

The Court finds that Plaintiff has failed to meet her burden of demonstrating good cause for the issuance of a protective order.  Although David Carney may have conducted himself in an embarrassing fashion, this alleged conduct is the central subject matter of the present litigation.  David Carney's verbal altercation on September 25, 2013, was the catalyst for the traffic stop of September 26, 2013.  Accordingly, a protective order would be inappropriate because it would prevent Defendants from exploring the underlying facts that serve as the basis of the Plaintiff's lawsuit.  With respect to "undue burden", Defendants assert that Plaintiff's counsel offered May 21, 2014, as a date to depose David Carney.  Plaintiff has not filed a rebuttal and does not dispute this assertion.  Based on the foregoing, the Court finds that Plaintiff's motion should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [34] Motion to Quash and for Protective Order is DENIED.

SO ORDERED, this the 13th day of May, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE